**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-22499-CV-MORENO**
**(01-00396-CR-MORENO)**
**MAGISTRATE JUDGE REID**

AL DOUGLASS WORDLY,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

## REPORT OF MAGISTRATE JUDGE

Movant brings this 28 U.S.C. § 2255 motion to vacate his conviction pursuant to *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019), which held 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague. Here, Movant argued that his 18 U.S.C. §§ 924(c) and (o) firearm-conspiracy conviction on Count 3 is unconstitutional in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). [ECF No. 6]. Movant alleged that his conviction relied upon the § 924(c)(3)(B) now-unconstitutional residual clause and that, as a result, his conviction must be vacated.

The Eleventh Circuit granted Movant's application to file this successive motion to vacate based on *Davis*. [Cv-ECF No. 1 at 7]. In so doing, the Court noted that Movant would "bear the burden of proving the likelihood that the jury based its verdict of guilty in Count 3 solely on the Hobbs Act conspiracy, and not also on the basis of one or more of the valid predicate offenses identified in Count 3." [*Id.* (citing *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017))].

Respondent argues that Movant's motion to vacate should be denied because he cannot meet his burden to show that his conviction relied solely upon § 924(c)(3)(B). *See Beeman v.*

1

*United States*, 871 F.3d 1215, 1222 (11th Cir. 2017); *see also In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019).[1] Movant contends that he need only show that it is impossible to tell which predicate offense the jury relied upon in order to establish his claim for relief.

There has been limited guidance on this issue until recently, when earlier this month the Eleventh Circuit held that *Beeman* and *Cannon* articulate the proper burden of proof for a *Davis* claimant under 28 U.S.C. § 2255. *See Garcia v. United States*, No. 19-14374, ___ F.3d ___, 2021 WL 68305, 2021 U.S. App. LEXIS 435 (11th Cir. Jan. 8, 2021), *vacated*, ___ F.3d ___, 2021 WL 248231, 2021 U.S. App. LEXIS 2090 (11th Cir. Jan. 26, 2021). However, as the above citation makes clear, before the Undersigned was able to complete a report and recommendation considering the holding in *Garcia*, the panel vacated its decision and has now held the matter in abeyance pending a decision in two other related cases, *Granda v. United States*, No. 17-15194, and *Foster v. United States*, No. 19-14771. *See id.*

Accordingly, this case should also be held in abeyance until such a determination is made. The Court has the inherent power to stay the proceedings in one suit until a decision is rendered in another. *See Landis v. N. Am. Co.*, 299 U.S. 248 (1936); *see also Gov't. of V.I. v. Neadle*, 861 F. Supp. 1054 (M.D. Fla. 1994). "The power to stay dual proceedings is necessary to avoid the inefficiency of duplication, the embarrassment of conflicting rulings, and the confusion of piecemeal resolutions where comprehensive results are required." *Neadle*, 861 F. Supp. at 1055 (citing *West Gulf Maritime Ass'n. v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir.1985)).

Thus, it is **RECOMMENDED** that this case be **STAYED** and held in abeyance until such time that the Eleventh Circuit resolves the issue of a *Davis* claimant's burden of proof in a matter

---

[1] One of Wordly's co-defendants is Ulysses Cannon, the convicted defendant in the Eleventh Circuit's *In re Cannon* decision. As such, the relevant offense conduct is essentially the same.

brought pursuant to 28 U.S.C. § 2255, as discussed above. Upon such a resolution, the parties shall notify the Court and seek to reopen this case, so that the Motion may be adjudicated.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 29th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Kirsten R. Nelson
Federal Public Defender
150 West Flagler Street, #1700
Miami, FL 33130
Email: kirsten_nelson@fd.org

Noticing FPD-MIA
Email: MIA_ECF@FD.org

Breezye Telfair
U.S. Attorney's Office
11200 NW 20th Street
Suite 101
Miami, FL 33172
Email: Breezye.Telfair@usdoj.go

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov